```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

GARY A. GEORGE,                        :

    Plaintiff,                     :

vs.                                    :    CIVIL ACTION 07-00220-WS-B

TRACEY HAWSEY, *et al.*,               :

    Defendants.                    :

## REPORT AND RECOMMENDATION

Plaintiff, a prison inmate proceeding pro se, filed a complaint under 28 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to prosecute and to obey the Court's Orders.

Plaintiff filed this Section 1983 action concerning alleged violations at the Conecuh County Jail. (Doc. 1)  After a review of Plaintiff's handwritten motion to proceed without prepayment of fees (Doc. 2), the Court entered an Order directing Plaintiff to re-file his motion to proceed without prepayment of fees on the proper Court form by May 25, 2007. (Doc. 3).  Additionally, the Clerk was directed to send to Plaintiff the appropriate Court form for a motion to proceed without prepayment of fees.  On May 23, 2007, the Court's Order directing Plaintiff to re-file his motion to proceed without prepayment of fees and the Court's form were returned to the Court as undeliverable due to the fact that

Plaintiff's inmate identification number was not listed along with his address.[1] (Doc. 4).  In an Order dated August 10, 2007 (Doc. 6), the Clerk was directed to re-send a copy of the Court's April 25, 2007 Order (Doc. 3) to Plaintiff at his last known address and to include Plaintiff's inmate identification number to ensure proper delivery.  In addition, Plaintiff was granted an extension of time in which to comply with the Court's Order.  Thus, the deadline for submission of Plaintiff's motion to proceed without prepayment of fees was extended to September 10, 2007.

Plaintiff, on August 27, 2007, notified the Court of a new address. (Doc. 7).  In response, the Court issued another Order extending the deadline for submission of Plaintiff's motion to proceed without prepayment of fees to October 30, 2007. (Doc. 8). Subsequent thereto, Plaintiff, on September 28, 2007 filed a second notice of address change with the Court.[2] (Doc. 9).  On that same date, the Court's Order dated September 17, 2007 (Doc. 8), was returned to the Court as undeliverable.[3]

On January 15, 2008, the Court entered an Order extending the deadline for Plaintiff to respond to the Court's September 17, 2007

---

[1] The notation on the envelope reads: "Not Deliverable As Addressed[;] Unable To Forward." (Doc. 4).

[2] Plaintiff's latest notice lists his address as U.S. Penitentiary - Hazelton, PO Box 2000, Bruceton Mills, WV 26525.  (Doc. 9).

[3] The notation on the envelope reads: "Return To Sender[;] Not Deliverable As Addressed[;] Unable To Forward." (Doc. 10).

Order to February 15, 2008.  The Clerk was directed to forward to Plaintiff at his new address a copy of both the Court's September 17, 2007 Order (Doc. 8), and a copy of the January 15, 2008 Order (Doc. 11).  Plaintiff was cautioned that his failure to comply with the Orders within the prescribed time would result in the dismissal of his action.  To date, Plaintiff has not re-filed his motion to proceed without prepayment of fees, or in lieu thereof, paid the required $350.00 filing fee, nor has his copy of the Court's Orders been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Orders and to prosecute this action by paying the $350.00 filing fee or in lieu thereof, filing a motion to proceed without prepayment of fees and costs, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc.,

501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **6th** day of **March, 2008.**

                                       /S/SONJA F. BIVINS
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days_after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The_objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>      /S/SONJA F. BIVINS      </u>
**UNITED STATES MAGISTRATE JUDGE**
